IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 8, 2003 Session

## STATE OF TENNESSEE EX REL. JENNIFER KAMILLE BOND BARNES v. ANTHONY WAYNE BRANDENBURG

Appeal from the Chancery Court for Campbell County
No. 14,650    Billy Joe White, Chancellor

FILED MAY 30, 2003

No. E2002-00994-COA-R3-CV

The State of Tennessee, on relation of Jennifer Kamille Bond Barnes ("Mother")[1], filed a petition to increase the child support obligation of Anthony Wayne Brandenburg ("Father"). The trial court increased Father's child support obligation from $430 per month to $473 per month, a 10% increase. Father appeals, contending that the trial court failed to properly apply the provisions of the Child Support Guidelines ("the guidelines"). We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

David A. Winchester, LaFollette, Tennessee, for the appellant, Anthony Wayne Brandenburg.

Paul G. Summers, Attorney General and Reporter, and Stuart F. Wilson-Patton, Assistant Attorney General, for the appellee, State of Tennessee ex rel. Jennifer Kamille Bond Barnes.

**OPINION**

---

[1]The brief of the State of Tennessee *ex rel.* Jennifer Kamille Bond Barnes asserts the following:

> The State of Tennessee has provided child support enforcement services to Ms. Barnes pursuant to Title IV-D of the Social Security Act, 42 U.S.C. Sections 651, *et seq.*, and Tenn. Code Ann. § 71-3-124(a) and (c). The Attorney General's Office is also providing its services on appeal pursuant to the same authorities, by agreement with the Tennessee Department of Human Services, and pursuant to Tenn. Code Ann. § 8-6-109(b)(2).

I.

Following the parties' divorce in 1998, Mother filed several petitions addressing child support for her two minor children. As pertinent to the issue on this appeal, four court orders, entered in succession on March 6, 2000, July 11, 2000, August 24, 2001, and December 11, 2001, are relevant.

On March 6, 2000, the trial court entered an order ("the first order") establishing that, effective May, 2000, Father would pay child support of $430 per month.[2] Four months later, on July 11, 2000, the trial court entered another order ("the second order"), modifying Father's support obligation so as to require him to pay 32% of his net recovery in a worker's compensation matter that was then pending, or 32% of his net income if and when Father returned to work.

Over one year later, on August 24, 2001, the trial court entered still another order ("the third order"), finding that Father's support obligation should be increased to $553.16 per month, based upon an imputed income of $25,761 per the guidelines. Father then filed a motion for a new trial, contending that the trial court had incorrectly applied the guidelines by calculating Father's income based upon the imputed amount rather than adding an increment not to exceed 10% to the amount of the most recent child support order.

In an order filed December 11, 2001 ("the fourth order"), the trial court agreed with Father that it had erred when it imputed income to Father pursuant to Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(3)(e):

> [T]he court imputed income; however this was not the initial order of support as found in [Tenn. Comp. R. & Regs. ch.] 1240-2-4-.03[(3)](e). Rather this was a modification of an established order as found in [Tenn. Comp. R. & Regs. ch.] 1240-2-4-.03[(3)](f). The Rule (10% Rule) of paragraph (f) is the proper rule.
>
> ORDER: [The third order] should be reformed as follows – current child support should be adjusted to $473.00 per month ($430.00 [from the first order plus] 10% for one year). The [first] order was the last clear order and was based [on] facts most similar to the present facts. The adjustment should be retroactive to 11-00 as per the findings of [the third order]. The judgment granted in [the third order] is adjusted to conform with today's order. . . .

---

[2]In addition, the trial court ordered Father to pay $40 per month to partially reimburse Mother for the children's medical insurance premiums. However, this additional child support award is not a subject of this appeal.

The trial court found that Father had not submitted adequate proof of his income at the hearing that pre-dated the third order, stating that "the court had little documentation submitted and the court did not find [Father] to be a credible witness."

No transcript or statement of the evidence was filed in connection with this appeal.

## II.

Our review of this non-jury case is *de novo*; however, the record comes to us accompanied by a presumption of correctness that we must honor unless the evidence preponderates against the trial court's findings. Tenn. R. App. P. 13(d). No presumption of correctness attaches to the lower court's conclusions of law. *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

## III.

A petition to modify a previous child support award is governed by the guidelines. Tenn. Code Ann. § 36-5-101(a)(1) (Supp. 2002). The guidelines, promulgated by the Tennessee Department of Human Services pursuant to Tenn. Code Ann. § 36-5-101(e)(2), "are designed to make awards more equitable by providing a standardized method of computation." *Jones v. Jones*, 930 S.W.2d 541, 543 (Tenn. 1996). They have the force of law. *Jahn*, 932 S.W.2d at 943.

The issue raised in this case brings into focus the following provisions of the guidelines:

*Tenn. Comp. R. & Regs. ch. 1240–2–4–.03(3)*

(e) *When establishing an initial order* and the obligor fails to produce evidence of income (such as tax returns for prior years, check stubs, or other information for determining current ability to support or ability to support in prior years), and the court has no other reliable evidence of the obligor's income or income potential, gross income for the current and prior years should be determined by imputing annual income of $25,761. This figure represents an average of the median annual income for Tennessee families as provided by the 1990 U.S. Census of Income and Poverty data for Tennessee Counties.

(f) *When cases with established orders are reviewed for adjustment* and the obligor fails to produce evidence of income (such as tax returns for prior years, check stubs, or other information for determining current ability to support), and the court has no other reliable evidence of the obligor's income or income potential, the court should enter an order to increase the child support obligation by

an increment not to exceed ten percent (10%) per year for each year since the support order was entered or last modified.

(Emphasis added).

## IV.

The only issue before the Court on this appeal is whether the trial court erred in using the child support amount from the first order, rather than the second order, as the basis for making the 10% adjustment to Father's support obligation, thereby increasing the award from $430 per month to $473.

When *modifying* a child support order in a case in which the obligor has failed to produce sufficient evidence of his or her income, the trial court, pursuant to the provisions of Tenn. Comp. R. & Regs. ch. 1240–2–4–.03(3)(f) of the guidelines, "should" increase the amount of child support in the most recent court order by an amount not to exceed 10% "per year for each year since the support order was entered or last modified." *Id*. In the instant case, Father argues that this provision of the guidelines obligated the trial court to use the child support amount from the second order, which was the most recent order. Because the trial court made its computation based upon the amount in the first order, Father asserts that the trial court committed reversible error. We disagree.

In the fourth order, the trial court stated that the first order "was the last clear order." The first order set child support at $430 per month, whereas the second order set support at an indefinite amount – 32% of Father's worker's compensation recovery, or 32% of his income when he returned to work. In the third order, filed August 24, 2001, the trial court found that Father had not received any worker's compensation benefits, and that Father had not paid any child support from February, 2000, through July, 2001. The trial court found in the fourth order that Father was not a credible witness and that he submitted insufficient proof of his income at the hearing leading to the third order. In effect, the trial court determined that it did not have sufficient evidence before it to rely on the second order and its percentages, necessitating the reliance on the first order.

In order for this Court to find that the trial court committed reversible error in relying on the first order for purposes of modifying support, we must have a transcript or a statement of the evidence of the proceedings below. We have neither. Absent such a transcript or statement of the evidence, we must presume that the trial court's factual findings are correct:

> When a trial court decides a case without a jury, its findings of fact are presumed to be correct unless the evidence in the record preponderates against them. This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings.

*Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (citations omitted).

In the instant case, the trial court based its 10% computation on the first order – thereby deviating from the mandate of the guidelines – because the court found that there was insufficient evidence to establish a definite monetary amount under the second order. If the evidence before the trial court was such that the court could not pinpoint the figure to which the 10% "bump" of Tenn. Comp. R. & Regs. ch. 1240-2-4-.03(3)(f) should be applied, it was justified in deviating from the guidelines as it did. The evidence was apparently such that it was impossible for the trial court to rely upon the second order. As we must presume the trial court's evidentiary findings were correct, we find no error in the trial court's decision to rely upon the first order. When we assume – as we must – that those findings were accurate, we hold, as a matter of law, that deviation from the guidelines is justified.

In summary, the trial court deviated from the guidelines; it claims that it could not set a definite dollar and cents figure for the second order because of insufficient evidence; and, in the absence of a transcript or statement of the evidence, we must assume that the evidence, or lack thereof, supported the trial court's factual findings underpinning its decision to deviate from the guidelines. *See* Tenn. Code Ann. § 36-5-101(e)(1)(A) ("If the court finds that evidence is sufficient to rebut [the] presumption [that the guidelines should be applied], the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties.").

V.

The judgment of the trial court is affirmed. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, Anthony Wayne Brandenburg.

_____
CHARLES D. SUSANO, JR., JUDGE